## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BOBBI CIABATTONI,**

    **Plaintiff,**

**-vs-**              **Case No.  6:07-cv-618-Orl-28DAB**

**ORLANDO REGIONAL HEALTHCARE
SYSTEM, INC.,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** (Doc. No. 5) |
| **FILED:** | **June 15, 2007** |

   **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

   The Court **respectfully recommends** that the settlement (but not the settlement agreement)

be **approved** and the case be dismissed.

   In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to

determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the

FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise

of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held with counsel for both parties participating. Based on the representations of counsel at the hearing and in papers filed, Plaintiff sought overtime compensation for a period of time during her employment as a case coordinator. Defendant disputed Plaintiff's calculation of overtime allegedly owed. Although not part of the Complaint, the parties represented that following the filing of the suit, Plaintiff also had a retaliation claim.

In view of the foregoing, the parties agreed to settle the matter for a total of $75,000.00; with Plaintiff to receive $10,000.00 (less applicable withholding and taxes) for unpaid overtime

-2-

compensation; $10,000.00 for liquidated damages; and $50,000.00 for compensatory damages, for the threatened (but not alleged) retaliation claim; and counsel to receive $5000.00 in fees and costs.

As Plaintiff represents that she is receiving "all the relief she could have obtained had she continued to pursue litigation" (Doc. No. 5 at 2)[1] , the settlement appears to be in her best interest. Absent objection by any party, the Court finds the settlement to Plaintiff to be reasonable and fair, under the circumstances of this case.  In so finding, however, the Court specifically notes that the Settlement Agreement covers matters *not* alleged in the Complaint, and thus, not properly before the Court.  For this reason, it is **recommended** that the settlement terms with respect to the allegedly unpaid overtime claim be **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues, but that the Court should not and need not approve all other terms of the Settlement Agreement.

If this recommendation is adopted by the Court, the Clerk is directed to dismiss the action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 2, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1]The amount is slightly less than originally estimated by Plaintiff, but consistent with the Defendant's attendance logs and records, according to counsel at hearing.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy